CAROLINE M. MATTESON *vs.* BENJAMIN F. SMITH CO.

MARCH 25, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Accident and Mistake.  Relief.  Petition Filed, When.*

A petition for relief, under Gen. Laws, 1909, cap. 297, § 3, providing that where, from accident, mistake, or unforeseen cause, a party has failed to claim an appeal, etc., upon petition filed within one year after the entry of the decree, judgment, etc., the Supreme Court may allow an appeal to be taken, must be filed within one year after the date of the entry of such decree.

PETITION FOR RELIEF under Gen. Laws, 1909, cap. 297, § 3. Heard, and denied.

BLODGETT, J.  The petitioner alleges that she is aggrieved by the decree, dismissing the bill, entered in the Superior Court on the 20th day of January, 1909; that she claimed an appeal from that decree, "but that on account of accident, mistake, and unforeseen cause, the transcript of the testimony was not allowed nor the correctness of the same determined by petition, according to law, in consequence of which she has been deprived of the opportunity to prosecute her appeal."    See 30 R. I. 198.

The case presented, therefore, is not a case where no trial has been had.   There has been a full hearing on the merits, but the petitioner has failed to prosecute her appeal.

The statutory provision under which this petition is filed is Gen. Laws, 1909, cap. 297, § 3, which is as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack

of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."   This section is a re-enactment of § 473, C. P. A.

(1)    The obvious and natural meaning of the statute is that the year begins to run from the date of the entry of the decree in the Superior Court.   The statute says, "within one year after the entry of such order, decree, decision, or judgment," etc., and the order, decree, decision, or judgment here referred to is the order, decree, decision, or judgment of the Superior Court mentioned in the beginning of the section.   Although, as this court has said in *Hughes* v. *Rhode Island Company*, 27 R. I. 591, 593, "The clearness of this section has been sacrificed in an attempt to include in the scope of its provisions very diverse conditions," still it can not be said that the words of the statute, "within one year after the entry of such order, decree, decision, or judgment," mean anything else than the order, decree, decision or judgment, of the Superior Court.   As applied to the case at bar, the statute means simply this: When any person is aggrieved by a decree of the Superior Court, and from accident, mistake, or unforeseen cause has failed to prosecute his appeal, the Supreme Court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such decree, allow an appeal, to be taken and prosecuted upon such terms and conditions as the court may prescribe.

In *Horton* v. *Feinberg*, 23 R. I. 190, the statute under consideration was Gen. Laws, 1896, cap. 251, § 2, which provided for a new trial in a "suit which shall have been tried or decided in the common pleas division, or in any district court, within one year previous to such application."   The court decided that "the petition for a new trial is to be filed within one year after the trial or decision of the case itself, not in one year after the decision of a petition for a new trial.   If this last time was

to control one might continue his case indefinitely by filing a petition for a new trial within one year from the decision upon the preceding petition."

This petition was filed February 16th, 1910, and is not within the year as aforesaid, and is accordingly denied and dismissed.

*Peter J. Quinn, Claude J. Farnsworth, James F. Murphy,* for petitioner.

*Thomas A. Carroll, Philip C. Sheldon, Walter P. Suesman,* for respondents.